UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSEPH GONZALES,

        Plaintiff,

v.

UNKNOWN RIOJAS,

        Defendant.
_____/

Case No. 1:25-cv-1025

Hon. Hala Y. Jarbou

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims and any personal capacity claims for declaratory relief against Defendant Riojas for failure to state a claim. Plaintiff's personal capacity First Amendment retaliation and Eighth Amendment sexual abuse claims for damages against Defendant Riojas remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues ECF Correctional Officer Unknown Riojas in his official and personal capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on January 4, 2025, he was housed in a segregation unit at ECF. (*Id.*, PageID.3.) When it was Plaintiff's turn for "cell clean up," Defendant Riojas came to the cell, opened the top slot, stuck his arm inside, and "slapped [Plaintiff] on the butt." (*Id.*) Plaintiff contends that he "turned around startled and Defendant Riojas had a smile on his face." (*Id.*)

The next day, Plaintiff filed a Prison Rape Elimination Act (PREA) complaint and also called the PREA hotline. (*Id.*) Two days later, on January 7, 2025, non-party Sergeant Porter interviewed Plaintiff about his PREA complaint. (*Id.*)

Plaintiff goes on to allege that on January 13, 2025, during a patdown search outside of his cell, Defendant Riojas patted Plaintiff down "the[n] began to rub [Plaintiff's] butt in a sexual[] manner." (*Id.*, PageID.4.) Plaintiff "immediately asked him to stop." (*Id.*) Defendant Riojas threatened Plaintiff with a ticket if Plaintiff said anything. (*Id.*)

Plaintiff avers that he has suffered "humiliation and insults from other prisoners who found this sexual assault funny," and that he has experienced a lack of sleep, "severe and prolonged spells of depression," and "prevailing and deep seated anxiety attacks." (*Id.*)

Based upon the foregoing, the Court construes Plaintiff's complaint to assert Eighth Amendment sexual abuse claims, as well as a First Amendment retaliation claim, against

Defendant Riojas. Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. (*Id.*, PageID.5.)

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

3

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As set forth *supra*, the Court has construed Plaintiff's complaint to assert Eighth Amendment sexual abuse and First Amendment retaliation claims.

### A.      Official Capacity Claims

Plaintiff has sued Defendant Riojas in both his official and personal capacities. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And, regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Similarly, Plaintiff may not seek monetary damages against Defendant Riojas in his official capacity. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking prospective injunctive or declaratory relief is not treated as an

action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted). The Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Here, while Plaintiff seeks declaratory relief, Plaintiff's complaint does not set forth any allegations suggesting that Defendant Riojas is engaged in "an ongoing violation of federal law." *See id.* Moreover, the Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for injunctive and declaratory relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Here, Plaintiff is no longer confined at ECF, which is where he avers that Defendant Riojas was employed at the time of the incident. Plaintiff's request for declaratory relief against Defendant Riojas is, therefore, moot.[1]  For these reasons, the Court will dismiss Plaintiff's official capacity claims.

---

[1] The mooting effect of Plaintiff's transfer to SLF also applies to any claim for declaratory relief against Defendant Riojas in his personal capacity. Accordingly, any intended claim for declaratory relief against Defendant Riojas in his personal capacity will also be dismissed.

### B. Personal Capacity Claims

#### 1. First Amendment Retaliation

The Court has construed Plaintiff's complaint to assert a First Amendment retaliation claim against Defendant Riojas. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff alleges that he filed a PREA complaint against Defendant Riojas concerning the January 5, 2025, instance of sexual abuse. (Compl., ECF No. 1, PageID.3.) About one week later, on January 13, 2025, Defendant Riojas began to rub Plaintiff's butt "in a sexual[] manner" after a patdown search. (*Id.*) When Plaintiff asked Defendant Riojas to stop, Defendant Riojas threatened Plaintiff with a ticket if Plaintiff said anything. (*Id.*) Although Plaintiff has by no means proven his claims, at this point in the litigation, the Court will not dismiss Plaintiff's First Amendment retaliation claim for damages against Defendant Riojas.

#### 2. Eighth Amendment Sexual Abuse

The Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological

6

justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). Here, Plaintiff alleges that on two separate occasions, Defendant Riojas sexually abused Plaintiff by rubbing Plaintiff's buttocks. (Compl., ECF No. 1, PageID.3–4.) Taking Plaintiff's allegations as true and in the light most favorable to him, the Court will not dismiss Plaintiff's personal capacity Eighth Amendment sexual abuse claims for damages against Defendant Riojas.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Moreover, having conducted the review required by the PLRA, the Court determines that Plaintiff's official capacity claims and any personal capacity claims for declaratory relief against Defendant Riojas will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42

7

U.S.C. § 1997e(c). Plaintiff's personal capacity First Amendment retaliation and Eighth Amendment sexual abuse claims for damages against Defendant Riojas remain in the case.

An order consistent with this opinion will be entered.

Dated: September 16, 2025                    /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE